UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Paul R. Bumstead
        Plaintiff

V.

MBTA Police Department
Officer Joseph Ryan
Officer Daniel Vieira

        Defendants

Civil Action No._____

09 CA 11574 EFH

MAGISTRATE JUDGE Dein

COMPLAINT

Jurisdiction

1. The court has jurisdiction over this matter pursuant to 28 USC 1331(a) and 42 USC 1983.

2. The plaintiff in all counts is Paul R. Bumstead, an inmate serving a sentence under registration # 26481-038.

3. The defendants in count one is the MBTA police department, Officer Joseph Ryan, and Officer Daniel Vieira, Southampton Street, Boston, Ma. 02118.

4. The defendants in count two is the MBTA police department, Officer Joseph Ryan, and Officer Daniel Vieira, Southampton Street, Boston, Ma. 02118.

False arrest claim against MBTA police:
Excessive force

1. On 9-22-06, at approximately 2:30am, plaintiff was arrested on a a small side street in Chinatown, and charged with possession of class "B" (lit: a small corner of a ripped plastic baggie that months later tested positive for cocaine residue, net weight 0.)

2. In the police report, officers Vieire, and Ryan submit that they accosted plaintiff "across the street from the Chinatown MBTA station" (in a dead end alley)

3. Although there are in fact no alleyways "across the street from the Chinatown MBTA station" (the actual place of arrest was a small side street that connects Boylston to Lagrange, not in sight of Chinatown or any other train station) the police report indicates quite clearly that the arrest did not take place on MBTA property, was not in fresh pursuit of an alleged offense that originated on property,(SEE MGL 159.93, MGL 41.98) and which did not relate to the protection of an MBTA passenger at 2:30am when no trains or buses were running.

4. At the time of this arrest, plaintiff was a homeless person with "one foot in the grave"

5. After arrest, plaintiff was taken back to the MBTA police station, and kept cuffed to a pole for up to 4 hours, while arresting officers ridiculed him and made mockery of the tiny baggie that the police report clearly indicates was not found on his possession(Officers claimed to have witnessed plaintiff drop tiny baggie, and "step on it in an attempt to hide it" )

6. Plaintiff would end up being held for 3 months for this charge; even after he completed MASAC (MASS ALCOHOL AND SUBSTANCE ABUSE CENTER)

7. Plaintiff would ultimately be coerced into pleading guilty to this charge which is on appeal in the appellate court (Suffolk County)

8. Under Heck v. Humphrey, plaintiff cannot sue unless conviction does not become invalidated by 1983 false arrest suit.

9. Plaintiff contends that the above (jurisdictional) claim does not invaidate the conviction because it does not address whether or not he was guilty of the possession.

10. Ultimately, plaintiff contends that because it is against the law

for the MBTA police to arrest a citizen off MBTA property, for an alleged offense that did not originate on MBTA property, or relate in someway to the protection of an MBTA passenger, he had a state liberty interest not to be arrested by the MBTA police on a side street out of MBTA jurisdiction, which plaintiff contends was a violation of his 14th amendment due process rights, a claim actionable under 42 USC 1983.

Wherefore, plaintiff prays that this honorable court award $150,000.00 in damages against the defendants in count one (false arrest/ due process claim) and $150,000.00 against the defendants in count two (excessive force) and for whatever other damages that the court may award.

Signed under the pains and penalties of perjury this 17th day of September, 2009.

*Paul R. Bumstead*
Paul R. Bumstead