UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL R. BUMSTEAD,
Plaintiff,

v.

MASSACHUSETTS TRANSIT POLICE, ET AL.,
Defendants.

C.A. No. 09-11574-EFH

ORDER RE: AMENDED FILING FEE ASSESSMENT
AND ORDER FOR DISMISSAL

HARRINGTON, S.J.

On February 18, 2010, this Court issued a Memorandum and Order (Docket No. 8) assessing the initial partial filing fee pursuant to 28 U.S.C. § 1915(b) and directed Plaintiff Paul Bumstead ("Bumstead") to demonstrate good cause, within 42 days, why all claims against the MBTA Police Department, the Massachusetts Transit Police, the Department of Correction, the Commissioner of Corrections, and the Superintendent of MCI Concord should not be dismissed for the reasons stated therein. That same day, summonses were issue with respect to Defendants Officer Joseph Ryan, Officer Daniel Vieira, and Boston Police Detective Roque D. Heath.

On August 6, 2010, this Court discovered that Bumstead filed an action in West Virginia seeking habeas relief, complaining that this Court's assessment of the initial partial filing fee in this action was erroneous and that it deprived him of the ability to purchase necessities in prison. Although this Court's assessment of the filing fee was made without prejudice to Bumstead seeking reconsideration, see Memorandum and Order at n.1, no request for modification has been filed in this Court.

In any event, the Court's discovery has prompted further review both with respect to the filing fee issue and the status of this litigation.

DISCUSSION

I. Amendment of the Assessed Initial Partial Filing Fee

In reviewing the prison account statement (Docket No. 7), this Court finds that Bumstead is correct that the calculation of the initial partial filing fee in this action was made in error.

Accordingly, the Memorandum and Order (Docket No. 8) is hereby AMENDED with respect to Bumstead's filing fee obligations, as follows:

1. Plaintiff Bumstead is assessed an initial partial filing fee of **$19.51 (**instead of $117.06)**,** pursuant to 28 U.S.C. § 1915(b)(1)(A);[1]

2. The remainder of the fee **$330.49** (instead of $232.94) is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

This assessment is made apart from any other assessments made in other civil actions filed by Bumstead. For purposes of clarification for crediting any funds received, and to facilitate proper record-keeping by the Treasurer's Office at USP Hazelton and by the Clerk's Office Accounting Department, this Court intends that any funds received from Bumstead's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.[2]

---

[1]This assessment is based on 20% of the average monthly deposits for the six-month period preceding the filing of the Complaint, as reflected in the prison account statement submitted by Bumstead (Docket No. 7). This calculation is made without prejudice to Bumstead seeking reconsideration provided he submit an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b).

[2]In other words, Bumstead's filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by any court. See Ruston v. NBC Television, USCA No. 06-4672-cv (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d 264, 277 (2d Cir. 2001). See also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001)(reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

While this amendment to Bumstead's assessment might have resulted in the need for a refund or credit for monies paid, the records of the Accounting Department of the District Court Clerk's Office indicate that this Court has not received any payments toward the filing fee in this action. The Court received $3.00 on March 23, 2008 in connection with Bumstead v. Department of Corrections, et al., Civil Action No. 08-10911-GAO. Therefore, no refund or credit to Bumstead's account is necessary.

Finally, it appears that Bumstead contends that he is unable to purchase necessary items because of the filing fee assessment and a freeze on his funds by prison officials. Apart from correcting the initial partial filing fee owed by Bumstead, this Court will not take any action with respect to any freeze on his funds. There is no basis for this Court to circumvent the statutory requirement that the filing fee be assessed pursuant to 28 U.S.C. § 1915(b). In any event, Bumstead must exhaust his administrative remedies in this regard before this Court would entertain any request to alter the assessment contained in this Memorandum and Order.

The Clerk shall send a copy of this Memorandum and Order to the Accounting Department of the Clerk's Office and to the Treasurer's Office at USP Hazelton for correction of their records.

II. Dismissal for Lack of Prosecution and Failure to Show Good Cause as Directed

As noted above, this Court directed Bumstead to demonstrate good cause within 42 days of the date of the Memorandum and Order (Docket No. 8) why the claims against the MBTA Police Department, the Massachusetts Transit Police, the Department of Correction, the Commissioner of Corrections, and the Superintendent of MCI Concord should not be dismissed for the reasons set forth therein. Bumstead failed to file any response to the directives of the

Court, and the time period for doing so has expired.

Accordingly, for the failure of Bumstead to comply with this Court's directives, and for the reasons set forth in the Memorandum and Order discussing the legal impediments to his claims, Bumstead's claims against the MBTA Police Department, the Massachusetts Transit Police, the Department of Correction, the Commissioner of Corrections, and the Superintendent of MCI Concord are DISMISSED in their entirety.

With respect to the remaining claims against Officer Joseph Ryan, Officer Daniel Vieira, and Boston Police Detective Roque D. Heath, as to which summonses issued, Bumstead failed to effect service on these Defendants, and failed to file proof of service within 120 days.

Accordingly, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and for the failure of Bumstead to prosecute this action, all claims against the individual Defendants (Officer Joseph Ryan, Officer Daniel Vieira, and Boston Police Detective Roque D. Heath) are DISMISSED.

It is further Ordered that this action is DISMISSED without prejudice unless within 28 days from the date of this order Bumstead shows good cause as to why the action should be reopened.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The initial partial filing fee assessed against Bumstead is AMENDED.

2. All claims against the MBTA Police Department, the Massachusetts Transit Police, the Department of Correction, the Commissioner of Corrections, and the Superintendent of MCI Concord are DISMISSED;

3. All claims against Officer Joseph Ryan, Officer Daniel Vieira, and Boston Police Detective Roque D. Heath are DISMISSED; and

4. This action is DISMISSED in its entirety. A separate Order for Dismissal shall enter.

SO ORDERED.

Edward F. Harrington
SENIOR DISTRICT JUDGE

DATED: August 12, 2010